Estate of Sidney M. Spiegel, Deceased, Sidney M. Spiegel, Jr., Katherine J. Spiegel and Robert Michels, Executors v. Commissioner.
Estate of Sidney M. Spiegel v. Commissioner
Docket No. 1662.
United States Tax Court
1945 Tax Ct. Memo LEXIS 287; 4 T.C.M. (CCH) 256; T.C.M. (RIA) 45075; February 24, 1945
Harry Thom, Esq., 231 S. La Salle St., Chicago, Ill., for the petitioners. Harold H. Hart, Esq., for the respondent. STERNHAGEN The Commissioner determined a deficiency of $454,788.58 in estate tax. The only question is whether the value of the corpus of a trust created by the decedent during his lifetime is includable in gross estate under Section 811 (c), Internal Revenue Code. Findings of Fact The petitioners are the executors of the estate of Sidney M. Spiegel, who was born August 16, 1872, and died testate on December 19, 1940. The executors filed the estate tax return in Chicago, Illinois. The decedent left him surviving two daughters, Katherine J. Spiegel, born March 1, 1897, and Julia S. Michels, born *288 March 7, 1907, a son, Sidney M. Spiegel, Jr., born August 8, 1904, and three grandchildren, Robert Michels, Jr., born August 21, 1930, Helen Katherine Michels, born November 17, 1936, and Sydney Ann Michels, born November 4, 1938. On January 2, 1920, the decedent made an agreement by which he, transferred in consideration of one dollar and other considerations, to Modie J. Spiegel and Sidney M. Spiegel, as trustees, 625 shares of Spiegel's House Furnishing Company, and 750 shares of Spiegel May Stern Company, in trust, for the uses and purposes and upon the terms and conditions in part as follows: "1: The said Trustees, and the survivor of them, or any successor trustee, shall have full, absolute and complete power to hold, manage and control said shares and every part thereof; to sell, exchange, transfer or otherwise dispose of the same, or any part thereof, and to invest and reinvest the proceeds derived from any such sale or sales, or other disposition of said shares, or any part thereof, during the continuance of this trust. While said shares of stock, or any substitutes therefor, are held by said Trustees, or the survivor of them, or any successor Trustee, if any corporation *289 whose stock or other securities are held by said Trustees should require any action of any kind to be taken, said Trustees, and the survivor and any successor trustee, shall have the same right to take any action which may be required of any stockholder or holder of any securities of any such corporation as if said Trustees, and the survivor and any successor held such shares or said securities in their own individual names and were the sole owners thereof. "2: The Trustees, and the survivor of them, and any successor trustee, shall collect and receive all income derived therefrom, or from any substitutes therefor, and shall during the life of myself, said Sidney M. Spiegel, divide said net income into three (3) equal parts, and pay or use one of said parts of said income to or for the maintenance, support and education of each of my three (3) children, Katherine J. Spiegel, Sidney M. Spiegel, Jr. and Julia K. Spiegel, - such income to be distributed at convenient intervals each year. In the event that any of my said, three (3) children shall die prior to my death, then the share of such income to which such deceased one of said three (3) children would have been entitled shall go *290 to the child or children of such deceased child of mine, in equal parts, and if there be no such child or children of any such deceased child of mine, then such income shall be divided equally among the survivors of said three (3) children of mine, and their descendants, per stirpes and not per capita. "3: Upon my death, the said Trustees, and the survivor of them, or any successor Trustee, shall divide said trust fund, and any accumulated income thereon then in the hands of said Trustee, equally among my said three (3) children, and if any of my said children shall have died, leaving any child or children surviving, then the child or children of such deceased child of mine shall receive the share of said trust fund to which its or their parent would have been entitled, and if any of my said three (3) children shall have died without leaving any child or children him or her surviving, then the share to which such deceased child of mine would have been entitled shall go to my remaining children, and the descendants of any deceased child of mine per stirpes and not per capita." * * * * * The property was delivered to and accepted by the trustees on the date of the trust agreement. *291 Until the death of the grantor, the income of the trust was distributed to or for the benefit of the grantor's three children. The estate tax return showed a net taxable estate of $841,042.81 for the basic tax and a net taxable estate of $901,042.81 for the additional tax, the executors having elected to value the property as of one year from the date of death under Section 811 (j) of the Internal Revenue Code. The tax shown on the return was $180,404.41 and was paid on March 19, 1942. No part of the corpus held by the trustees was included in the gross estate shown on the return. In recomputing the estate tax the Commissioner included in gross estate $1,140,606.30, the fair market value of the entire trust corpus, and accumulated income held by the trustees on December 19, 1940, the agreed date for the purposes of Section 811 (j), Internal Revenue Code, of the distribution of the property to the three beneficiaries. Following the death of the grantor the entire corpus and accumulated income were distributed equally to his three children. The transfers of the property to the above trust on January 2, 1920, were not made in contemplation *292 of death. The value, computed on the basis of the mortality table and on the basis of the assumed interest rate prescribed in the Treasury Regulations applicable to federal estate taxes, of the right of a person aged 68 years to receive $1.00 on the date of death of the one last to die of six other persons, aged 44, 36, 34, 10, 4 and 2 years, provided said person aged 68 years would survive all of the six other persons, is.00007384. The probability, computed on the basis of the mortality table prescribed by Treasury Regulations applicable to federal estate taxes, that a person aged 68 years will survive six other persons of the ages of 44, 36, 34, 10, 4 and 2 years is.00015635. The value, computed on the basis of the mortality table and on the basis of the assumed interest rate prescribed in the Treasury Regulations applicable to federal estate taxes, of the right of a person aged 47 years to receive $1.00 on the date of the death of the one last to die of three other persons aged 13, 15 and 23 years is.00390. The probability, computed on the basis of the mortality table prescribed in Treasury Regulations applicable to federal estate taxes, that a person aged 47 years will survive *293 three other persons of the ages of 13, 15 and 23 years is.01612. The petitioners are entitled to a deduction from gross estate of $20,000 for executors' fees allowed by the Probate Court of Cook County and paid. Memorandum Opinion STERNHAGEN, Judge: The decedent had created an irrevocable trust in 1920, the income of which was distributable from that time forth to his children and the corpus was to be distributed to the children when he died. He died in 1940. The Commissioner, citinginternal Revenue Code, Section 811 (c), has included the corpus in the decedent's gross estate. We are of opinion that this determination of the Commissioner must be reversed, on the authority of Reinecke v. Northern Trust Co., 278 U.S. 339; Commissioner v. Estate of Flora W. Lasker, 141 Fed. (2d) 889. The decedent in creating the trust retained no "string or tie" amounting to a possibility of reversion, and hence the doctrine of Helvering v. Hallock, 309 U.S. 106, and numerous decisions deriving from it, are not in point. Decision will be entered under Rule 50.